## Isaac Hudson et al. v. E. J. Miller.

1. EVIDENCE—*Admissiblity of, Under Pleas of Justification in Tres-pass.*—Justification as a defense must be pleaded before evidence of jus-tification is admissible.

2. SAME—*Admissibility of, in Rebuttal, Discretionary.*—The admis-sion of evidence in rebuttal is within the sound discretion of the court.

3. SAME—*To Explain Plats of Streets.*—When the plat of a city does not contain a statement of the width of a street and is in other respects defective as statutory proof of a dedication at common law, supplement-ary evidence tending to explain it and to show a dedication at common law, is competent.

4. BURDEN OF PROOF—*Justification in Trespass.*—The burden of proof is always upon the party holding the affirmative in presenting an issue; so in trespass, the plaintiff has the burden of proof upon the issues presented by his declaration; and where the defendant pleads a justifi-cation he tenders a new and different issue and assumes the burden of proving it.

**Trespass to Real Estate.**—Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

W. K. WHITFIELD, SPITLER & BURNS and MILLS BROS., attorneys for appellants.

JOHN R. EDEM, attorney for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was an action in trespass brought by appellee against appellants in Moultrie county, and upon change of venue, trial by jury in Macon county resulted in a verdict and judgment against appellants for $5.58, of which reversal is asked by this appeal upon the grounds chiefly urged that it is not supported by the evidence, that the court admitted improper evidence, gave improper, and refused proper in-structions to the jury.

The declaration counts upon a removal of a fence by appellants from premises of appellee in the city of Sullivan. Appellants, who were officers of that city, pleaded the gen-eral issue and special pleas of justification, in substance, on

the ground that the fence occupied a portion of a public street of the city, was a nuisance, and so they were not guilty of trespass by removing it.

After appellee having introduced testimony tending to support the declaration *prima facie*, the appellant offered proof under the pleas, and having rested, appellee was permitted to introduce proof on rebuttal; which action of the court is alleged and argued as error. The character of proof so permitted in rebuttal was strictly in answer to the testimony of appellants upon their special pleas in justification. It is of no avail for appellants to say, as they do, that such pleas amount only to the general issue and that the evidence in rebuttal should have been offered in chief for that reason. It is the well settled rule in our courts that justification as a defense must be pleaded before evidence of that character is admissible; and such pleas were filed in this case, making proper foundation for the competent proof on that issue, which appellee was at liberty to rebut if he could. Even if there was force in appellant's contention that the special pleas amounted only to the general issue, it is the well established rule that the admission of evidence on rebuttal is within the sound discretion of the court. We are convinced the court committed no error by admitting the proof of appellee on rebuttal.

Appellee owned a lot at the intersection of two public streets in Canfield's Railroad Addition, his grantor being Moriarity. The important issue was the boundary line common to the east side of this lot and the west side of the street. Appellants contend that by the plat and subsequent dedication of the street in addition, made in 1868, it should be fifty feet in width at the intersection and along the line of the premises in controversy. The plat in evidence does not contain a statement of the width of the street; and the plat being in other respects defective as statutory proof of the dedication, supplementary evidence was introduced to explain it and to show a dedication at common law. The appellants further contend that in 1895, upon the occasion of paving the other street, intersecting east and west, Moriarity,

then the owner of the premises in controversy, adopted a
line run by the city in surveying the street, and thereby
effectually established the width of this street at fifty feet,
and that appellee is bound by his action.  Appellee con-
structed a fence upon the east of the premises; and, acting
under an ordinance of the city providing for five days'
notice to be given in such cases, notice was served upon him
to remove the fence, on the claim that it was in the street.
Appellee took up the fence and later erected it again two
or more feet west of the line he was notified to vacate.
Without further notice from the city, appellants lifted the
fence and deposited it upon appellee's lot, thereby commit-
ting the damages complained of; and it is insisted by appel-
lee that he should have had notice again from the city and
an opportunity to remove it himself, before appellants were
at liberty to take up the fence, even if it was in the street,
and that it was not placed upon the street.   He contends the
line in controversy was for twenty years and more so rec-
ognized in fact as to make the width of the street in con-
troversy at the intersection thirty-seven feet and not fifty
feet; and contends that the original survey of the line,
according to stakes set to evidence it, established it as rec-
ognized, and that the line thus made is the true one, not-
withstanding anything in the plat to the contrary, and that
the fence was upon his lot accordingly.   Evidence for
appellee was further offered and admitted by the court that
the line claimed by appellants to have been adopted by
Moriarity and the city in 1895, if extended, would cut
through certain private improvements upon other premises,
erected many years before with the original line in view, as
contended for by appellee; and this action of the court is
criticised because it is said it permitted the jury to contem-
plate injury to property not in controversy, should their
determination be adverse to appellee, and such evidence was
therefore misleading and immaterial.

For appellee the court instructed the jury that if in the
original survey stakes were set to designate the corners in
controversy, the places where such stakes were set are the

true corners, notwithstanding any variance from the location of such corners on plats or other measurements; that if the streets staked off were dedicated and accepted and fences were erected on the street lines and improvements made according to such lines and the lines regarded as correct and acquiesced in as such for more than twenty years, and that material damage to property along the streets would follow changing such street lines, then if the fence in controversy was outside the western line so constituted, it would not be in the street; that the best evidence of the location of streets, when located by survey and plat, is evidence of where the surveyor ran the lines from which the plat was made, and the preponderance of the evidence showing where such line was run governs, regardless of whether it then agrees with courses and distances marked on such plat; to establish a common law dedication of the streets in controversy the burden of proof is upon appellants to show that the street had been dedicated to the city by the owner of the land and accepted by the city authorities; that it was only necessary for appellee to prove the trespass and damage to lands lawfully in his possession to recover; and the burden of proof was upon appellants to show that the fence was in the street and on land not lawfully in appellee's possession.

It is said that these instructions as given are prejudicial to appellants, because no reference is made to the contention that the line was agreed upon by Moriarity and the city; that appellants were free of the *onus probandi* on any issue; and that no title to a portion of the public street could be acquired by appellee under the statute of limitations; with numerous other reasons founded on objections to the introduction of the evidence on which they are based.

At the request of appellants the court very fully instructed the jury upon their contention that the agreements between Moriarity and the city in 1895 fixed the line in controversy. The point was intelligently presented to the jury; and we see no reason for saying in that connection that any prejudicial error occurred to appellants.

The whole scheme of the production of evidence in a trial is built up on the assumption of the burden of proof by a party holding the affirmative in presenting an issue. The appellee certainly had the burden of proof upon the issues presented by the declaration—that the injury was done upon his premises. By their pleas the appellants tendered a new and different phase—that the fence was in the street—and thereby assumed the affirmative of such issue. If the burden of proof was not upon appellants there would be no apparent reason for the rule; and we think the court very properly instructed the jury, as it did, upon the burden of proof. We do not gather from any of the instructions that the court intended or did inform the jury that by fencing in a portion of the public street and keeping possession of it for more than twenty years appellee could thereby gain title to any part of the street. No such question arises from any of the issues; nor does appellee put forth any such claim. It is merely a part of the proof offered by appellee that the line he contends for was established by the survey of the addition and that the stakes were placed at the corners marking that line which was accepted, recognized and acquiesced in for more than twenty years as the true line, in no proper sense alluding to title by limitation. From such proof the instruction sprang; and we see no just reason for the criticism attributed to it. Another instruction informed the jury that before appellants might lawfully remove the fence it must appear that appellee was notified at least five days before such action; and that if in response to such notice appellee did remove his fence and afterward set it up in another place, whereupon appellants without further notice to appellee from the city removed it, then the first notice was insufficient to warrant the disposition of the fence unless by a preponderance of the proof it appeared that the fence remained a nuisance after its removal by appellee. It is said this instruction is bad because the jury are led to believe that in all cases of an obstruction in a street notice is required before the same may be removed. From the issues in the case we are not

warranted in considering this question in a general sense. One of the special pleas of appellants, counts on an ordinance of the city under which appellants claim, as officers of the city, to have acted. They do not claim the right of a private citizen to justify the removal of the fence, but only claim that they acted under this ordinance as officers of the city, and to that extent they are not the real parties in interest, which is, in fact, the city; and so the question of the right of a private citizen to act in a like matter was not an issue in the case and can not properly be considered to arise on this instruction. The instructions given at the instance of appellee seem fairly based upon the facts in issue and meet with the approval of the court.

The several instructions requested by appellants and refused by the court we have examined, and it is not perceived that therein any material error intervened. The material substance of all those refused instructions was made the subject of. others given by the court for appellants as fully as their interests demanded and we feel that no just complaint can be made in that behalf.

The admission by the court of the evidence concerning the interference of the street with private property by an extension of the recent survey, claimed by appellants to evidence the true boundary line, is nothing more than an application of the rule whereby appellee was permitted to prove that upon determination of the street line, originally, the residents and property owners there erected improvements conformable to such line. While appellants claimed the recent survey to establish the correct line, it was a course open to appellee to prove another to be the true and correct line and to show that it was long considered so and that much improvement had taken place upon and along that line by reason of the evidence then existing as to the boundary. Such proof, if competent for that purpose, ought not to be inadmissible by the further fact that it proved a damage to improvements so erected in case the line contended for by appellants be the true line. We do not discover that the evidence was offered to prove a damage, but only to

prove the original line and the acts of the parties in rela-
tion to it; and it is but an incident that a change of the
street line to conform to the theory and contention of
appellants would create such damage. We think no error
prejudicial to the interests of appellants occurred in the
admission of this proof.

The evidence regarding the absolutely correct line of the
street was conflicting. Satisfactory proof was not to be had
from the plat; the original stakes marking the true cor-
ners had decayed during the lapse of time since they were
located; and the jury were compelled to depend upon the
evidence of persons more or less familiar with the condi-
tions then existing. Recollections are variant in such in-
stances; but the proof seems to have well established that for
more than twenty years before appellee's fence was erected
the street line on which it was placed was contracted and
that it had been long regarded as the correct line. Whether
this was as the survey intended was a matter of conflict in
the evidence. The proof offered by appellee, standing alone
in the record, would justify a finding in his favor; and the
jury and the trial court having passed upon it, and no con-
trolling reason being apparent wherein any prejedicial error
exists, we are disposed to accept their verdict and judgment
as decisive of the controverted issues of fact, and the judg-
ment of the Circuit Court will be affirmed.